THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS GAINES, Appellant. [834 NYS2d 417]—

Appeal from an order of the Supreme Court, Monroe County (Frank P. Geraci, Jr., J.), entered October 13, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk under the Sex Offender Registration Act (Correction Law § 168 *et seq.*). The total risk factor score on the risk assessment instrument resulted in the presumptive classification of defendant as a level two risk and, in determining that an upward departure to a level three risk was warranted, Supreme Court took into account defendant's persistent history of violent activities and concluded that defendant presented a great danger to the community. On appeal, defendant contends that the People failed to establish the basis for the assessment of 20 points under risk factor seven, i.e., "[r]elationship with victim." We reject that contention. The People presented evidence establishing that the victim met defendant for the first time on the day of the incident, did not know his legal

name, and apparently knew no other personal information about him. Thus, the court properly concluded that "defendant was a stranger to the victim" (*People v McGraw*, 24 AD3d 525, 526 [2005]; *see generally* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12 [Nov. 1997]). Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.