[880 NYS2d 598]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN D. HELMER, Appellant.

Fourth Department, June 12, 2009

### APPEARANCES OF COUNSEL

*Charles A. Marangola*, Moravia, for appellant.

*Jon E. Budelmann, District Attorney*, Auburn (*Brian N. Bauersfeld* of counsel), for respondent.

### OPINION OF THE COURT

SCUDDER, P.J.

Defendant appeals from an order determining that he is a

level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). The sole issue on appeal is whether the victim was a stranger to defendant for purposes of determining whether defendant should have been assessed 20 points on the risk assessment instrument for risk factor 7, "[r]elationship with victim." For the reasons that follow, we conclude that County Court erred in determining that the People proved by clear and convincing evidence that the victim and defendant were strangers and in therefore assessing 20 points for that risk factor. Thus, we conclude that defendant should be assessed zero points for factor 7, thereby reducing his score to 65 and rendering him a level one risk.

It is undisputed that defendant and the victim had sexual relations on the same day on which they had their first face-to-face meeting (*see People v Lewis*, 45 AD3d 1381 [2007], *lv denied* 10 NY3d 703 [2008]; *People v Gaines*, 39 AD3d 1212 [2007], *lv denied* 9 NY3d 803 [2007]). The facts herein distinguish this case from both *Lewis* and *Gaines*, however, because the respective victims in *Lewis* and *Gaines* had met the defendants only hours before having sexual relations and did not know the legal names of the defendants or any other personal information about them. Here, defendant and the victim had communicated via the Internet and telephone for several weeks before they actually met in person. The 28-year-old defendant accessed MySpace.com in early December 2005 in order to meet women between the ages of 20 to 30 in the Auburn area. The name of the 15-year-old victim was provided in response to defendant's inquiry because her profile stated that she was 20 years old. Through their communications, the victim knew defendant's name and age, as well as the status of defendant's pending divorce (*cf. People v Tejada*, 51 AD3d 472 [2008]; *Lewis*, 45 AD3d at 1381; *Gaines*, 39 AD3d at 1212-1213). Although the information provided to defendant by the victim with respect to her age was false, she did provide defendant with her address and details about her family. Following more than 100 Internet exchanges and 30 telephone calls, the victim and defendant arranged to meet in person. Defendant picked up the victim on December 31, 2005 at her brother's house at approximately 2:00 in the afternoon, and the two went to a park and to dinner before going to defendant's house. They engaged in sexual relations at approximately 11:30 P.M., and they subsequently had contact with each other on several occasions. In early February 2005, defendant learned that the victim was only 15 years old, and he learned that she was pregnant.

The Risk Assessment Guidelines provide that "the term 'stranger' includes anyone who is not an actual acquaintance of the victim" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12 [2006]). The term "acquaintance" spans a range of social interactions, and we conclude in this case that, based upon the extensive communication through electronic means over a period of weeks and the information learned therein, defendant and the victim were not strangers when they engaged in sexual relations.

Accordingly, we conclude that the order should be modified by determining that defendant is a level one risk pursuant to SORA.

HURLBUTT, MARTOCHE, SMITH and CENTRA, JJ., concur.

It is hereby ordered that the order so appealed from is unanimously modified on the law by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed, without costs.