# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**339**

**KA 11-00548**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

MAURICE JOHNSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered January 14, 2011. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is modified on the law by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that Supreme Court erred in assessing 20 points against him under risk factor 7, for his relationship with the victim. We agree. Points may be assessed under risk factor 7 in the event that the underlying crime "was directed at a stranger," the crime was directed at a person with whom the offender "established or promoted [a relationship] for the primary purpose of victimization," or the crime "arose in the context of a professional or avocational relationship between the offender and the victim and was an abuse of such relationship" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12 [2006]; *see People v Stein*, 63 AD3d 99, 101).

Here, the court determined that the victim was a stranger to defendant. That was error. Pursuant to the presentence report, defendant "was *acquainted* with [the victim] as a consequence of going to church with [the victim's] mother and aunt" (emphasis added), and the Risk Assessment Guidelines and Commentary provide that "the term 'stranger' includes anyone who is not an actual acquaintance of the victim" (Risk Assessment Guidelines and Commentary, at 12; *see People v Helmer*, 65 AD3d 68, 70). The People nevertheless contend that the

court properly assessed points against defendant under risk factor 7 because they established by clear and convincing evidence that defendant established or promoted the relationship with the victim for the primary purpose of victimizing him. We reject that contention. The only evidence considered by the court was the presentence report and risk assessment instrument (RAI), and there is nothing in those documents indicating that defendant's purpose in meeting or developing a relationship with the victim was to subject him to sexual contact or otherwise abuse him. Further, because it is undisputed that defendant did not have a professional or avocational relationship with the victim, we conclude that there was no basis for the court to assess points against defendant under risk factor 7.

As a result of the error of the court, defendant's score on the RAI must be reduced by 20 points, rendering him a presumptive level one risk. The People did not seek an upward departure based on defendant's HIV status or his surreptitious videotaping of the sexual acts that he engaged in with the victim. We therefore modify the order accordingly.

All concur except SCONIERS and MARTOCHE, JJ., who dissent and vote to affirm in the following Memorandum: We respectfully dissent and would affirm the order determining that defendant is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq*.). We cannot agree with the majority that Supreme Court erred in assessing 20 points against defendant under the risk factor for his relationship with the victim. In our view, the People established by clear and convincing evidence that defendant established or promoted the relationship with the victim for the primary purpose of victimization (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12 [2006]). The relationship between defendant and the victim was not familial in nature but was predatory, based upon the age of the victim, the age difference between defendant and the victim and the circumstances under which they met. Thus, we conclude that the facts, as presented to the court, established that it was " 'highly probable' " that defendant befriended the victim for the purpose of victimizing him through the sexual relationship (*People v Dominie*, 42 AD3d 589, 590).

Entered:  March 23, 2012                          Frances E. Cafarell
                                                  Clerk of the Court