# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1447**

**KA 11-01492**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

RICHARD ODUM, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (Vincent M. Dinolfo, J.), entered May 31, 2011. The order denied the appeal of defendant from an order of Gates Town Court (Peter P. Pupatelli, J.), dated October 4, 2010, determining that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order of Monroe County Court that affirmed an order of Gates Town Court determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). We reject defendant's contention that he was an acquaintance of the victim and that the People therefore failed to establish the basis for the assessment of 20 points under risk factor 7, i.e., his relationship with the victim. The evidence established that "the victim met defendant for the first time [shortly before] the day of the incident, did not know his legal name, and apparently knew no other personal information about him. Thus, the court properly concluded that 'defendant was a stranger to the victim' " (*People v Gaines*, 39 AD3d 1212, 1212-1213, *lv denied* 9 NY3d 803).

Assuming, arguendo, that, by seeking a downward departure from his presumptive risk level on a different ground, defendant preserved for our review his contention that a downward departure to level one is warranted because of his lack of contact with the criminal justice system since the time of the offense, we conclude that his contention is without merit. Defendant failed "to present clear and convincing evidence of special circumstances justifying a downward departure" (*People v Regan*, 46 AD3d 1434, 1435; *see People v Bennett*, 90 AD3d 1664, 1664, *lv denied* 18 NY3d 810; *People v Ratcliff*, 53 AD3d 1110,

1110, *lv denied* 11 NY3d 708).