# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**341**
**KA 12-00361**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KEVIN C. JOHNSON, DEFENDANT-APPELLANT.

---

MICHAEL STEINBERG, ROCHESTER, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), entered February 6, 2012. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk under the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), defendant contends that County Court erred in assessing 20 points against him under risk factor 7, for his relationship with one of the victims. We agree. At the SORA hearing, the People had "the burden of proving the facts supporting the [risk level classification] sought by clear and convincing evidence" (§ 168-n [3]; *see People v Wroten*, 286 AD2d 189, 199, *lv denied* 97 NY2d 610). Here, the People failed to meet their burden of establishing that defendant "established or promoted" his relationship with the victim "for the primary purpose of victimization" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12 [2006]; *see People v Johnson*, 93 AD3d 1323, 1324). The People presented no evidence that defendant, who met the victim at a party, targeted the victim for the primary purpose of victimizing her (*see Johnson*, 93 AD3d at 1324; *cf. People v Washington*, 91 AD3d 1277, 1277, *lv denied* 19 NY3d 801; *People v Jackson*, 70 AD3d 1385, 1385, *lv denied* 14 NY3d 714). As a result of the court's error, defendant's score on the risk assessment instrument must be reduced by 20 points, and thus he should be presumptively classified as a level two risk. We therefore modify the order accordingly.

We note in any event that we agree with defendant that the court

failed to comply with Correction Law § 168-n (3), inasmuch as it failed to set forth the findings of fact and conclusions of law upon which it based its determination to assess points under risk factor 7 (*see People v Carlton*, 78 AD3d 1654, 1655, *lv denied* 16 NY3d 782; *People v Gilbert*, 78 AD3d 1584, 1584, *lv denied* 16 NY3d 704).  The court merely recited its conclusion, i.e., that "[d]efendant established a relationship with [the victim] for the purpose of victimization."

Finally, we reject the contention of defendant that he was denied effective assistance of counsel at the SORA hearing (*see People v Rotterman*, 96 AD3d 1467, 1468, *lv denied* 19 NY3d 813; *People v Bowles*, 89 AD3d 171, 181, *lv denied* 18 NY3d 807).

Entered:  March 22, 2013                       Frances E. Cafarell
                                               Clerk of the Court