# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**781**

**KA 12-00993**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                                    MEMORANDUM AND ORDER

CHEYENNE J. KOONS, DEFENDANT-APPELLANT.

---

ROSEMARIE RICHARDS, SOUTH NEW BERLIN, FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (AMANDA M. CHAFEE OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Steuben County Court (Marianne Furfure, A.J.), entered March 12, 2012. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk under the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that he was deprived of due process by the People's failure to provide him with notice that they would seek a departure from the recommendation of the Board of Examiners of Sex Offenders. Defendant failed to preserve that contention for our review by a timely objection before County Court (*see People v Charache*, 9 NY3d 829, 830; *see generally People v Neuer*, 86 AD3d 926, 926, *lv denied* 17 NY3d 716).

Defendant further contends that the court erred in assessing 20 points against him under risk factor 4 (duration of offense conduct with victim) and 10 points under risk factor 10 (recency of prior felony or sex crime). We reject those contentions. With respect to risk factor 4, the People had the burden of proving that "defendant engaged in two acts of sexual intercourse with the victim and that such 'acts [were] separated in time by at least 24 hours' " (*People v Wood*, 60 AD3d 1350, 1351, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; *see generally* Correction Law § 168-n [3]; *People v Johnson*, 104 AD3d 1321, 1321). The reliable hearsay evidence presented by the People established that defendant and one victim engaged in sexual intercourse between early June 2009 and early August 2009 in at least two different towns. Defendant admitted to at least eight such sexual encounters, and the victim alleged that she and defendant may have had as many as 15

sexual encounters.  The People therefore demonstrated by clear and convincing evidence a continuing course of conduct and thus the court's assessment of 20 points under risk factor 4 was proper.  With respect to risk factor 10, we note that defendant conceded at the hearing that 30 points were properly assessed under risk factor 9 (number and nature of prior crimes) based upon his prior youthful offender adjudication for endangering the welfare of a child. Inasmuch as the presentence investigation report and case summary demonstrated that the underlying acts of and resulting guilty plea to endangering the welfare of a child occurred within three years of the present sexual offenses, the court correctly assessed 10 additional points under risk factor 10 (*see* Sex Offender Registration Act:  Risk Assessment Guidelines and Commentary at 14; *see generally People v Rotterman*, 96 AD3d 1467, 1468, *lv denied* 19 NY3d 813).

Finally, we reject defendant's contention that he was denied effective assistance of counsel (*see Rotterman*, 96 AD3d at 1468; *People v Bowles*, 89 AD3d 171, 181, *lv denied* 18 NY3d 807).

Entered:  July 19, 2013                        Frances E. Cafarell
                                               Clerk of the Court