■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE GREEN, Appellant. [977 NYS2d 77]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Dowling, J.), dated June 15, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the defendant is designated a level one sex offender.

In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C), "the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence" (*People v King*, 80 AD3d 681, 682 [2011]; *see* Correction Law § 168-n [3]; *People v Hewitt*, 73 AD3d 880 [2010]).

As the People correctly concede, the defendant was improperly assessed 15 points under risk factor 14 for release without supervision. The defendant should have been assessed only five points under this category for release with supervision (*cf. People v Miller*, 77 AD3d 1386, 1387 [2010]; *People v Leeks*, 43 AD3d 1251, 1252 [2007]).

Further, the People failed to establish by clear and convincing evidence that, under risk factor 7, the defendant entered into his relationship with the victim for the primary purpose of victimization (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]). The case summary prepared by the Board of Examiners of Sex Offenders indicated that the defendant's relationship with the victim was "unknown," and none of the other documents in the record reflects that the defendant's purpose in meeting or developing a relationship with the victim was to victimize him (*see People v Johnson*, 104 AD3d 1321, 1321-1322 [2013]; *People v Johnson*, 93 AD3d 1323, 1324 [2012]; *People v Fisher*, 22 AD3d 358, 359 [2005]). Therefore, the Supreme Court erred in assessing the defendant 20 points under risk factor 7.

Based on the foregoing, 30 points should be subtracted from the total risk assessment score of 95, which places the defendant's point score within the range of a level one sex offender. Accordingly, we reverse the order and designate the defendant a level one sex offender. Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.