People v Perez (2018 NY Slip Op 06666)





People v Perez


2018 NY Slip Op 06666


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1031 KA 17-01202

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERNESTO PEREZ, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Judith A. Sinclair, J.), entered May 3, 2017. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order classifying him as a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). We agree with defendant that Supreme Court erred in assessing him 20 points under risk factor 7, which applies when, insofar as relevant here, the offender's conduct " was directed at a stranger or a person with whom a relationship had been established or promoted for the primary purpose of victimization' " (People v Cook, 29 NY3d 121, 125 [2017], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]). The 24-year-old defendant and the 16-year-old victim met while working at a local Red Cross; the two exchanged contact information and, months later, communicated through social media and by telephone before any sexual contact occurred. Under these circumstances, the People failed to establish by clear and convincing evidence that defendant and the victim were strangers at the time of the crime (see People v Birch, 114 AD3d 1117, 1118 [3d Dept 2014]; People v Johnson, 93 AD3d 1323, 1324 [4th Dept 2012]; cf. People v Mabee, 69 AD3d 820, 820 [2d Dept 2010], lv denied 15 NY3d 703 [2010]; People v Serrano, 61 AD3d 946, 947 [2d Dept 2009], lv denied 13 NY3d 704 [2009]; see also People v Graves, 162 AD3d 1659, 1660-1661 [4th Dept 2018]; see generally People v Helmer, 65 AD3d 68, 70 [4th Dept
2009]). Moreover, the People "presented no evidence that defendant . . . targeted the victim for the primary purpose of victimizing her" (People v Johnson, 104 AD3d 1321, 1321-1322 [4th Dept 2013]; see People v Green, 112 AD3d 801, 802 [2d Dept 2013]).
Without the 20 points assessed under risk factor 7, defendant is a presumptive level one sex offender (see Helmer, 65 AD3d at 69). We therefore modify the order accordingly. Defendant's request for a downward departure is academic in light of our determination.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court