People v Barber (2019 NY Slip Op 05306)





People v Barber


2019 NY Slip Op 05306


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


761 KA 18-01033

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYRONE BARBER, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Vincent M. Dinolfo, J.), entered March 20, 2018. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). Contrary to defendant's contention, County Court properly assessed 30 points on the risk assessment instrument (RAI) for risk factor 1 for being armed with a dangerous instrument. It is well settled that "[t]raditional principles of accessorial liability apply when calculating a sex offender's presumptive risk level" (People v Rhodehouse, 88 AD3d 1030, 1032 [3d Dept 2011]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7 [2006]). Here, the case summary clearly established that "under principles of accomplice liability (see Penal Law § 20.00), defendant used a dangerous instrument in his commission of the crime[s], in that he forced the victim[s] to submit to . . . sex crime[s] by taking advantage of his . . . accomplice's threatened use of a [knife]" (People v Jack, 15 AD3d 270, 270 [1st Dept 2005], lv denied 5 NY3d 708 [2005]).
Contrary to defendant's further contention, the court properly assessed 15 points under risk factor 11 for a history of alcohol abuse. The assessment is supported by reliable hearsay contained in the case summary (see People v Mingo, 12 NY3d 563, 573 [2009]), which provides that defendant admitted to the personnel of the Department of Corrections and Community Supervision that he had an alcohol problem and was willing to undergo treatment (see People v Figueroa, 141 AD3d 1112, 1113 [4th Dept 2016], lv denied 28 NY3d 907 [2016]). Furthermore, defendant participated in an alcohol treatment program while incarcerated, "thus further supporting the court's assessment of points for a history of . . . alcohol abuse" (People v Mundo, 98 AD3d 1292, 1293 [4th Dept 2012], lv denied 20 NY3d 855 [2013]). We note that defendant presented no evidence to the contrary but merely pointed to an inconsistent statement in the presentence report wherein he denied that his alcohol consumption was problematic (see Figueroa, 141 AD3d at 1113).
We agree with defendant that the People failed to prove by the requisite clear and convincing evidence that the victims were strangers to him and that the court thus erred in assessing 20 points on the RAI for risk factor 7 (see People v Daniels, 86 AD3d 921, 922 [4th Dept 2011], lv denied 17 NY3d 715 [2011]; see generally People v Johnson, 93 AD3d 1323, 1324 [4th Dept 2012]). Reducing defendant's score on the RAI by 20 points, however, does not alter his presumptive risk level (see Daniels, 86 AD3d at 922). We therefore conclude that the court properly determined that he is a level three risk.
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court