People v Vick (2025 NY Slip Op 01245)

People v Vick

2025 NY Slip Op 01245

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2019-13159

[*1]The People of the State of New York, respondent,
v
Charles Vick, appellant.

Patricia Pazner, New York, NY (Anna V. Boksenbaum of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated October 23, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of transportation of minors with intent to engage in criminal sexual activity in violation of 18 USC §§ 2423(a) and 2. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 95 points, based upon use of violence against the victim, sexual intercourse with the victim, the fact that the victim was 16 years old, a minor, and the fact that the defendant's relationship with the victim was that of a stranger whose relationship with the victim was "established for purpose of victimizing." The court denied the defendant's application for a downward departure from his presumptive risk level, granted the People's application for an upward departure from the defendant's presumptive risk level, and designated the defendant a level three sex offender. The defendant appeals.
The Supreme Court properly assessed the defendant 20 points on the ground that he was a stranger to the victim, who established a relationship with the victim for the purpose of victimizing her. The evidence in the record established that the defendant met the victim at a party and within a month was transporting her from state to state for the purpose of prostitution and having sex with her himself. The Guidelines provide that "the term 'stranger' includes anyone who is not an actual acquaintance of the victim" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006] [hereinafter Guidelines]; see People v Helmer, 65 AD3d 68, 70). Here, the social interactions involved victimization, i.e., prostitution using force against the victim (see People v Serrano, 61 AD3d 946; cf. People v Johnson, 93 AD3d 1323, 1324). "[T]here is no possible innocent explanation for defendant's attempt to get to know the victim" (People v Krahmalni, 170 AD3d 444, 444).
The Supreme Court properly denied the defendant's application for a downward departure based upon participation in programs while in prison. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood [*2]of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Guidelines at 4; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720). The defendant's conduct while confined was adequately taken into account in the Guidelines, which assessed no additional points for improper conduct (see People v Ramirez, 214 AD3d 1008, 1010; People v Rocano-Quintuna, 149 AD3d 1114).
However, the Supreme Court properly granted the People's application for an upward departure from the defendant's presumptive risk level (see People v Manougian, 132 AD3d 746; People v Palmer, 68 AD3d 1364; People v Wheeler, 59 AD2d 1007). Here, contrary to the defendant's contention, the People demonstrated, by clear and convincing evidence (see Correction Law § 168-n[3]), the existence of aggravating factors not adequately taken into account by the Guidelines that tended to establish a higher likelihood of reoffense or danger to the community, namely, the defendant's operation of a prostitution business and his transport of the victim over several states, using force, in furtherance of that business.
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court