Appeal by the defendant, as limited by his brief, from so much of an order of the Supreme Court, Kings County (DiMango, J.), dated January 25, 2012, as, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the defendant is designated a level one sex offender.
On this appeal from a risk level determination pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), the defendant challenges the Supreme Court’s assessment of 20 points under risk factor 7, which provides, in subsection (i) thereof, that those points shall be assessed if “the offender’s crime . , . was directed at a stranger or a person with whom a relationship had been established or promoted for the primary purpose of victimization” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]; see Correction Law § 168-d [3]). “The applicability of a particular guideline to the facts of the sex offender’s case is a legal question based upon the court’s interpretation of the guideline” (People v Wyatt, 89 AD3d 112, 117 [2011]; see People v Johnson, 11 NY3d 416, 421 [2008]). In establishing an offender’s appropriate risk level, the People “bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence” (Correction Law § 168-d [3]; see People v Mingo, 12 NY3d 563, 571 [2009]; People v Wyatt, 89 AD3d at 118).
Here, the record established that the defendant, who was 19 *685 years old on the date of the subject sex offenses, was developmentally disabled, functioning at the level of a 13-year-old. It was undisputed that the initial contact between the defendant and the then-12-year-old complainant occurred inadvertently when the complainant picked up the cell phone of her older sister and answered a call the defendant was making to the sister. Over a subsequent period of at least three weeks, the defendant and the complainant communicated frequently on the telephone and the Internet and, thus, they were not strangers. Thereafter, on the first day they met in person, they engaged in the sexual conduct upon which the defendant’s conviction was based. The People adduced no evidence that their relationship on the telephone and the Internet which preceded the sex offenses included any conversations of a sexual nature. Contrary to the People’s contention, the statements that the defendant made to the New York City Department of Probation did not reveal that his primary purpose in establishing or promoting the relationship with the complainant was to victimize her. Therefore, the People failed to meet their burden of adducing clear and convincing evidence establishing facts in support of the assessment of 20 points under subsection (i) of risk factor 7 (see People v Johnson, 93 AD3d 1323, 1324 [2012]; People v Simmonds, 74 AD3d 1505, 1506-1507 [2010]; People v Stein, 63 AD3d 99, 101-102 [2009]).
The deduction of 20 points from the defendant’s point total on the risk assessment instrument renders a score of 55, which results in a presumptive risk level of one. Accordingly, the defendant should have been designated a level one sex offender under SORA (see Correction Law § 168-d [3]).
In light of our determination, we need not reach the defendant’s remaining contention. Dillon, J.R, Angiolillo, Dickerson and Cohen, JJ., concur.