Egan Jr., J.
Appeal from an order of the Supreme Court (Breslin, J.), entered January 23, 2012 in Albany County, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act.
In 2011, defendant waived indictment and pleaded guilty to a superior court information charging him with one count of rape in the third degree (see Penal Law § 130.25 [2]) and was sentenced to six months in jail and placed on probation for a period of 10 years. In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) that presumptively classified defendant as a risk level I sex offender. Included in the 70 points comprising defendant’s overall score were 20 points assigned under risk factor 7 (relationship with the victim), which defendant contested. Following a hearing, Supreme Court upheld the points assigned under risk factor 7 and assigned defendant an additional 10 points under risk factor 12 (acceptance of *1118 responsibility). This raised defendant’s overall score to 80, which placed him in the risk level II category, and Supreme Court found this to be an appropriate risk level classification. Supreme Court alternatively concluded that an upward departure was warranted and, for all of these reasons, classified defendant as a risk level II sex offender. This appeal by defendant ensued.
Although Supreme Court did not issue the required written order setting forth its findings of fact and conclusions of law (see Correction Law § 168-n [3]), remittal is not required as the record is sufficiently developed to permit this Court to make the necessary findings (see People v Hemmes, 110 AD3d 1387, 1388 [2013]; People v Rodriguez, 78 AD3d 1140, 1141 [2010], lv denied 16 NY3d 707 [2011]). The crux of defendant’s argument on appeal is that the record does not contain clear and convincing evidence (see e.g. People v Belile, 108 AD3d 890, 890 [2013], lv denied 22 NY3d 853 [2013]; People v McFall, 93 AD3d 962, 963 [2012] ) to support Supreme Court’s decision to classify him as a risk level II sex offender. We agree.
Insofar as is relevant here, the imposition of points under risk factor 7 required that defendant’s crime be “directed at a stranger or a person with whom a relationship [was] established or promoted for the primary purpose of victimization” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]). Defendant, then 35 years old, met the 16-year-old victim while waiting tables at a local restaurant in November 2010; the two exchanged phone numbers and, between November 2010 and March 2011, communicated primarily via text messages on numerous occasions — often on a daily basis. Given this level of contact, it cannot be said that defendant was a “stranger” to the victim at the time of the underlying crime in March 2011 (see People v Pelaez, 112 AD3d 684, 685 [2013]; People v Helmer, 65 AD3d 68, 69-70 [2009]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]; compare People v Tejada, 51 AD3d 472, 472 [2008]; People v Lewis, 45 AD3d 1381, 1381 [2007], lv denied 10 NY3d 703 [2008]). Additionally, under the particular facts of this case, we cannot say that the record establishes — by clear and convincing evidence — that defendant formed the underlying relationship for the primary purpose of victimization (see People v Johnson, 104 AD3d 1321, 1321-1322 [2013]; People v Stein, 63 AD3d 99, 101-102 [2009]; compare People v DeDona, 102 AD3d 58, 67 [2012]; People v Washington, 91 AD3d 1277, 1277 [2012], lv denied 19 NY3d 801 [2012]; People v Duart, 84 AD3d 908, 909 [2011], lv dismissed 17 NY3d 916 [2011]; People v Romana, 35 AD3d 1241, 1242 [2006], lv denied 8 NY3d 810 *1119 [2007]). Accordingly, defendant was improperly assessed 20 points under risk factor 7; deducting these points from the 70 points initially assigned on the risk assessment instrument reduces defendant’s overall score to 50 points, which presumptively classifies defendant as a risk level I sex offender. Even assuming that Supreme Court properly assessed defendant an additional 10 points under risk factor 12 (acceptance of responsibility), the resulting score (60 points) still would place defendant in the risk level I category. As a result, we are left to consider whether, as Supreme Court found, the facts of this case warrant a departure from the presumptive risk level classification.
In this regard, the case law makes clear that “[a] departure from the presumptive risk level classification is warranted only where there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines” (People v Kotzen, 100 AD3d 1162, 1162-1163 [2012], lv denied 20 NY3d 860 [2013] [internal quotation marks and citations omitted]; see People v Wells, 101 AD3d 1407, 1408 [2012]). Here, even assuming that the aggravating factor identified by Supreme Court — the age difference existing between defendant and the victim — was not adequately encompassed by the risk assessment instrument, we nonetheless determine that, under the facts of this case, an upward departure was not warranted, particularly given that the People did not seek an upward departure from defendant’s presumptive classification as a risk level I sex offender and, more importantly, the absence of record evidence to support defendant’s classification as a risk level II sex offender (cf. People v Wells, 101 AD3d at 1408-1409).
Lahtinen, J.E, Stein and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant is classified as a risk level I sex offender under the Sex Offender Registration Act.