Appeals by the defendant (1) from an amended judgment of the Supreme Court, Kings County (Brennan, J.), rendered September 17, 2009, revoking a sentence of probation previously imposed by the same court (Walsh, J.), upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of sexual abuse in the second degree, and (2), by permission, from an order of the same court (Brennan, J.), dated July 27, 2012, which denied his motion pursuant to CPL 440.10 to vacate the amended judgment.
Ordered that the amended judgment and the order are affirmed.
Contrary to the defendant’s contention, he was not deprived of the effective assistance of counsel by his counsel’s failure to challenge, on the ground of delay, the Supreme Court’s jurisdiction to adjudicate the declaration of delinquency. Where, as here, an ineffective assistance claim is based on a particular alleged error in counsel’s performance, “it is incumbent on [the] defendant to demonstrate the absence of strategic or other legitimate explanations” for counsel’s alleged shortcoming (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Caban, 5 NY3d 143, 152 [2005]; People v Ambers, 115 AD3d 671 [2014]). “There are ‘rare’ cases where ‘a single failing in an otherwise competent performance is so egregious and prejudicial as to deprive a defendant of his constitutional right’ ” to the effective assistance of counsel (People v Feliciano, 17 NY3d 14, 21 [2011], quoting *727 People v Turner, 5 NY3d 476, 480 [2005]). However, the defendant must show that the argument he faults his trial counsel for not advancing is so strong that “no reasonable defense lawyer could have found it . . . to be not worth raising” (People v Turner, 5 NY3d at 483; see People v Feliciano, 17 NY3d at 28). Under the circumstances of this case, counsel reasonably could have concluded that challenging the court’s jurisdiction to adjudicate the declaration of delinquency on the ground of delay was unlikely to succeed (cf. People v Horvath, 37 AD3d 33, 39 [2006]; People v Oquendo, 178 Misc 2d 1031, 1037 [1998]; People v Roesler, 102 Misc 2d 858, 859-860 [1980]). Accordingly, counsel’s decision not to raise the issue did not deprive the defendant of meaningful representation (see People v Feliciano, 17 NY3d at 28).
Contrary to the defendant’s further contention, the Supreme Court did not err in denying that branch of his motion pursuant to CPL 440.10 which was to vacate the amended judgment of conviction on the ground that he lacked the capacity to admit that he violated a condition of his probation. The record establishes that his admission was knowing, voluntary, and intelligent (see generally People v Kinalis, 112 AD3d 739, 740 [2013]; People v Reyes, 98 AD3d 1140, 1141 [2012]), and his claim to the contrary is belied by his lucid and appropriate responses during the proceeding (see People v Alexander, 97 NY2d 482, 486 [2002]; People v Gordon, 107 AD3d 739, 740 [2013]; People v Kaszubinski, 55 AD3d 1133, 1135 [2008]; People v Harrison, 52 AD3d 969, 970 [2008]; People v Wager, 34 AD3d 505, 505-506 [2006]).
Mastro, J.E, Roman, Hinds-Radix and LaSalle, JJ., concur.