■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN SOOKNANAN, Appellant. [988 NYS2d 267]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Foley, J.), dated December 19, 2011, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, he was properly assessed points for risk factor 7 (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006] [hereinafter Guidelines]). The grand jury testimony of the 13-year-old complainant, and the defendant's statement set forth in the presentence investigation report, demonstrated that the defendant and the complainant had never met until shortly before the crime occurred, when the defendant happened to be present at the apartment of the complainant's friend (*see People v Hewitt*, 73 AD3d 880, 881 [2010]; *People v Mabee*, 69 AD3d 820, 820 [2010]; *cf. People v Pelaez*, 112 AD3d 684, 685 [2013]; *People v Shephard*, 101 AD3d 978, 978 [2012]). Accordingly, the People established, by clear and convincing evidence, that the defendant was a "stranger" to the complainant within the meaning of risk factor 7 (Guidelines at 12).

Furthermore, contrary to the defendant's contention, the Supreme Court lacked the discretion to downwardly depart from the presumptive risk level, since the defendant failed to identify a mitigating factor not otherwise adequately taken into account by the Guidelines (*see e.g. People v Reede*, 113 AD3d 663, 664 [2014]; *People v Martinez*, 104 AD3d 924, 925 [2013]). Mastro, J.P., Dickerson, Cohen and Miller, JJ., concur.