■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUL ARRAHMAN, Appellant. [43 NYS3d 60]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (Delligatti, J.), dated September 18, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, the Supreme Court failed to adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see People v Uphael, 140 AD3d 1143 [2016]; People v Eaton, 105 AD3d 722, 723 [2013]).

In establishing an offender's appropriate risk level under SORA, "[t]he People 'bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d 406, 408 [2010], quoting Correction Law § 168-n [3]; see People v Mingo, 12 NY3d 563, 571 [2009]).

Contrary to the People's contention, the Supreme Court improperly assessed the defendant 15 points under risk factor 14, for "release without supervision," since, at the time of the SORA determination, the defendant was subject to confinement in a secure treatment facility after having been found to be "a dangerous sex offender requiring confinement" in a proceeding pursuant to Mental Hygiene Law article 10 (Mental Hygiene Law § 10.10 [a]).

Nevertheless, the deduction of those 15 points still leaves a total of 120 points, and the People met their burden of proving the facts supporting an assessment of a total of 120 points under risk factors 2, 4, 5, 9, and 11. Among other things, the People established, through the victim's credible statement, that the defendant's conduct, which included at least one act of sexual intercourse, occurred on at least two occasions separated

by at least 24 hours, so as to justify the assessment of points for a continuous course of conduct (*see People v Epstein*, 89 AD3d 570, 571 [2011]). The People also established, through the presentence report, which reported that the defendant had a medical diagnosis of cocaine dependence, as well as his own admissions to marijuana abuse, that the defendant had a history of drug abuse (*see People v Reede*, 113 AD3d 663 [2014]; *People v Boykin*, 102 AD3d 937 [2013]). Accordingly, based upon the total number of points assessed on the Risk Assessment Instrument, the defendant was properly adjudicated a level three sex offender.

In light of our determination, we need not reach the defendant's remaining contentions. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.