People v Starks (2020 NY Slip Op 05242)





People v Starks


2020 NY Slip Op 05242


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-14650

[*1]People of State of New York, respondent,
v
Andre Starks, appellant.


Janet E. Sabel, New York, NY (Jonathan R. McCoy of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated October 31, 2018, which, after a hearing, designated the defendant a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Correction Law § 168-n(3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n[3]). Insofar as relevant here, the Supreme Court did not adequately set forth its findings of fact and conclusions of law. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law,
remittitur is not required (see People v Arrahman, 144 AD3d 1009, 1009; People v Uphael, 140 AD3d 1143, 1143-1144).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, a downward departure on the basis of the defendant's age was not warranted. While advanced age at the time of release may constitute a mitigating factor, the defendant failed to demonstrate that the defendant's age at the time of the SORA hearing, 50 years old, constituted an appropriate mitigating factor and minimized the risk of reoffense (see People v Adams, 174 AD3d 828, 829; People v Lewis, 173 AD3d 784, 785-786; [*2]People v Munoz, 155 AD3d 1068, 1069).
Accordingly, we agree with the Supreme Court's determination to designate the defendant a level three sex offender.
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court