People v Lopez (2021 NY Slip Op 01793)





People v Lopez


2021 NY Slip Op 01793


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-14638

[*1]People of State of New York, respondent,
v
Edgar Lopez Lopez, appellant.


Clare J. Degnan, White Plains, NY (Debra A. Cassidy of counsel), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated October 15, 2019. The order, after a hearing, designated the defendant a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 95 points, within the range for a presumptive designation as a level two sex offender. The defendant did not seek a downward departure from his presumptive risk level.
"In establishing an offender's appropriate risk level under SORA, the People 'bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence'" (People v Watkins, 168 AD3d 1007, 1007-1008, quoting Correction Law § 168-n[3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, 'and any relevant materials and evidence' submitted by the parties, including 'reliable hearsay evidence,' which may come from, among other documents, evaluative reports completed by the supervising probation officer, or case summaries prepared by the Board of Examiners of Sex Offenders" (People v Cepeda, 161 AD3d 904, 905, quoting Correction Law § 168-n[3]; see SORA: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]).
Contrary to the defendant's contention, the Supreme Court properly assessed points under risk factors 2 and 4, since the assessment of those points was supported by clear and convincing evidence in the record, including a police report containing the victim's sworn statements (see People v Arrahman, 144 AD3d 1009; People v Tigre, 134 AD3d 687, 688).
Further, the Supreme Court properly assessed 10 points against the defendant under risk factor 12, since the People established, by clear and convincing evidence, that the defendant had not genuinely accepted responsibility for his conduct (see People v Guadeloupe, 173 AD3d 910, 911; People v Royal, 165 AD3d 851, 852).
However, the Supreme Court improperly assessed 20 points against the defendant under risk factor 7. Risk factor 7 of the risk assessment instrument (hereinafter RAI) assesses 20 [*2]points if the offender's crime, inter alia, was "directed at a stranger or a person with whom a relationship had been established or promoted for the primary purpose of victimization" (Guidelines at 12). Here, the victim indicated that she had known the defendant since 2014, as the defendant was a regular customer at the restaurant where she worked, and that the defendant started to ask her out on dates in October 2017. Thus, it cannot be said that the defendant was a "stranger" to the victim at the time of the subject crime in April 2018 (see People v Birch, 114 AD3d 1117, 1118). Further, under the circumstances of this case, the People failed to establish, by clear and convincing evidence, that the defendant established a relationship with the victim for the primary purpose of victimization (see id. at 1118; People v Kraus, 45 AD3d 826, 826-827).
Nevertheless, even with the subtraction of the 20 points erroneously assessed under risk factor 7, the defendant's point total on the RAI was in the range for a presumptive level two designation (see People v Santogual, 157 AD3d 737, 738). Since the defendant did not request a downward departure from his presumptive risk level in the Supreme Court, his contentions on appeal regarding a downward departure are unpreserved for appellate review (see People v Yglesias, 180 AD3d 821, 822-823). In any event, the defendant failed to satisfy his burden of "'(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Umanzor, 189 AD3d 1479, 1480, quoting People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
CHAMBERS, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court