People v Jones (2021 NY Slip Op 05137)





People v Jones


2021 NY Slip Op 05137


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2017-10491

[*1]The People of the State of New York, respondent,
v
Eric Jones, appellant.


Patricia Pazner, New York, NY (Samuel Barr of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Nicole Leibow of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated July 19, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 140 points, within the range for a presumptive designation as a level three sex offender. The defendant did not seek a downward departure from his presumptive risk level. The Supreme Court adjudicated the defendant a level three sex offender. The defendant appeals.
"In establishing an offender's appropriate risk level under SORA, the People 'bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence"' (People v Watkins, 168 AD3d 1007, 1007-1008, quoting Correction Law § 168-n[3]; see People v Lopez, 192 AD3d 1050, 1050-1051). In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, and any relevant materials and evidence submitted by the parties, including reliable hearsay evidence, which may come from, among other documents, evaluative reports completed by the supervising probation officer, or case summaries prepared by the Board of Examiners of Sex Offenders (see People v Lopez, 192 AD3d at 1051; SORA: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]).
The defendant's contentions regarding risk factor 7 are unpreserved for appellate review (see CPL 470.05[2]; People v Butler, 157 AD3d 727, 730) and, in any event, without merit.
However, as the defendant correctly contends, here, the People failed to meet their burden of proving, by clear and convincing evidence, that points should be assessed under risk factor 4 (see People v Jarama, 178 AD3d 970, 971). Nevertheless, even with the subtraction of the 20 points erroneously assessed under risk factor 4, the defendant's point total was in the range for a presumptive level three designation. The People met their burden as to those points (see People v [*2]Lopez, 192 AD3d at 1050-1051; People v Arrahman, 144 AD3d 1009, 1009-1010).
The defendant's remaining contention is without merit (see People v Butler, 157 AD3d at 730-731; People v Madera, 118 AD3d 726, 726-727).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
MASTRO, J.P., CHAMBERS, MILLER, DUFFY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court