People v Glosque (2022 NY Slip Op 00321)





People v Glosque


2022 NY Slip Op 00321


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.


2020-09758

[*1]The People of the State of New York, respondent,
v
Michael Glosque, appellant.


Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated October 28, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Under risk factor 5 of the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (hereinafter Guidelines), 30 points are assessed if the victim was aged 10 or less, and 20 points are assessed if the victim was aged 11 through 16 (see Guidelines at 11). At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), "the People must prove the facts to support a SORA risk-level classification by clear and convincing evidence" (People v Howard, 27 NY3d 337, 341; see Correction Law § 168-n[3]; People v Mingo, 12 NY3d 563, 571; People v Lopez, 192 AD3d 1050, 1050-1051). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, and any relevant materials and evidence submitted by the parties, including reliable hearsay evidence, which may come from, among other documents, evaluative reports completed by the supervising probation officer, or case summaries prepared by the Board of Examiners of Sex Offenders" (People v Lopez, 192 AD3d at 1051 [internal quotation marks omitted]; see Guidelines at 5; People v Mingo, 12 NY3d at 571-572; People v Welch, 126 AD3d 773, 773).
Here, contrary to the defendant's contention, the People established by clear and convincing evidence that at least one of the victims depicted in the subject pornographic images was 10 years old or less, such that the defendant was properly assessed 30 points under risk factor 5. The criminal investigator employed by the District Attorney who recovered child pornography files from the defendant's computer estimated the children's ages in 10 of the images to be 10 years old or younger, and the presentence investigation report reflects that 2 of those 10 images were of female children between the ages of 10 and 12 years old. This evidence was also corroborated by those 10 images, which were introduced into evidence at the SORA hearing and viewed by the Supreme Court in camera (see People v Brown, 190 AD3d 1120; People v Kopstein, 186 AD3d 757; see also People v Mingo, 12 NY3d at 575; cf. People v Spratley, 175 AD3d 962).
Moreover, the Supreme Court properly denied the defendant's application for a [*2]downward departure from his presumptive risk level of two to risk level one. The defendant failed to demonstrate by a preponderance of the evidence that the imposition of points under risk factors 3 and 7 resulted in an overassessment of his risk to public safety (see People v Gillotti, 23 NY3d 841, 861; People v Cartiglia, 169 AD3d 725; People v Tirado, 165 AD3d 991; People v Santiago, 137 AD3d 762; cf. People v Gonzalez, 189 AD3d 509), and the defendant failed to otherwise demonstrate the existence of a mitigating factor not already taken into account by the risk assessment instrument that would warrant a downward departure (see People v Gillotti, 23 NY3d at 857).
CONNOLLY, J.P., HINDS-RADIX, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court