People v Hawkins (2022 NY Slip Op 00447)





People v Hawkins


2022 NY Slip Op 00447


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2018-12853

[*1]The People of the State of New York, respondent,
v
Shawn Hawkins, appellant.


Janet E. Sabel, New York, NY (Kerry Elgarten of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Roni C. Piplani, and Adarna De Frietas of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Gia Lynne Morris, J.), dated September 14, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sex trafficking. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed a total of 130 points under the risk assessment instrument and designated him a level three sex offender. On appeal, the defendant challenges the assessment of points under certain risk factors.
"In establishing an offender's appropriate risk level under SORA, the People 'bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence'" (People v Watkins, 168 AD3d 1007, 1007-1008, quoting Correction Law § 168-n[3]; see People v Lopez, 192 AD3d 1050, 1050-1051). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, and any relevant materials and evidence submitted by the parties, including reliable hearsay evidence, which may come from, among other documents, evaluative reports completed by the supervising probation officer, or case summaries prepared by the Board of Examiners of Sex Offenders" (People v Jones, 197 AD3d 1348, 1349; see People v Lopez, 193 AD3d at 1051).
The defendant's contention that the Supreme Court improperly assessed 20 points under risk factor 4 for continuing course of sexual misconduct is unpreserved for appellate review, as he did not oppose the People's request for the scoring of these points at the SORA hearing (see CPL 470.05[2]; People v Gillotti, 23 NY3d 841, 854; People v Butler, 157 AD3d 727, 730).
Contrary to the defendant's contention, he was properly assessed points under risk factor 7, "since the evidence demonstrated that the defendant established a relationship with the victim for the purposes of victimizing her" (People v Dilillo, 162 AD3d 915, 916 [internal quotation marks omitted]).
Accordingly, the defendant was properly adjudicated a level three sex offender.
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court