People v D'Amico (2023 NY Slip Op 00117)

People v D'Amico

2023 NY Slip Op 00117

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2019-14094

[*1]The People of the State of New York, respondent, 
v
Bruce D'Amico, appellant. 

Michael Siff, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Tess O'Leary on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Steven W. Paynter, J.), dated November 19, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2013, the defendant was convicted in the United States District Court for the District of Connecticut of the federal crime of sex trafficking of children under 18 USC § 1591(a)(1) and (b)(2), and was sentenced to a term of imprisonment of 10 years. Upon the defendant's relocation to New York following his release from federal prison in November 2018, the Board of Examiners of Sex Offenders (hereinafter the Board) determined, pursuant to Correction Law § 168-k(2), that the defendant was required to register as a sex offender in New York pursuant to the Sex Offender Registration Act (Correction Law article 6-C; hereinafter SORA). The Board concluded that registration was required because, under Correction Law § 168-a(2)(d)(i), the federal crime of which the defendant was convicted contained all of the essential elements of a New York sex offense, namely promoting prostitution in the second degree, in violation of Penal Law § 230.30(2). The Board prepared a risk assessment instrument in which it assessed the defendant 95 points, resulting in a presumptive risk level of two.
At the SORA hearing, the defendant challenged the requirement that he register as a sex offender in New York, contending that promoting prostitution in the second degree under Penal Law § 230.30 did not contain all of the essential elements of 18 USC § 1591 at the time of his federal conviction. The defendant also opposed the Board's assessment of 20 points under risk factor 4 and 20 points under risk factor 7. The Supreme Court rejected the defendant's contentions, assessed the defendant 95 points, and designated him a level two sex offender.
Under SORA, a person convicted of an offense in a foreign jurisdiction is required to register in New York when the foreign offense contains "all of the essential elements" of a New York offense that subjects an offender to SORA registration (Correction Law § 168-a[2][d][i]; see North v Board of Examiners of Sex Offenders, 8 NY3d 745, 748-749). Here, the defendant's challenge to the Board's determination that he was required to register as a sex offender in New York was properly rejected by the Supreme Court because Penal Law § 230.30(2) contains the same essential elements as 18 USC § 1591(a)(1) and (b)(2) (see North v Board of Examiners of Sex [*2]Offenders, 8 NY3d at 749). The defendant's further contention regarding an amendment made to Penal Law § 230.30(2) after his federal conviction, which, in essence, is based on the prohibition against ex post facto laws, is without merit (see People ex rel. Rivera v Superintendent, Woodbourne Corr. Facility, 200 AD3d 1370, 1371, lv granted, 38 NY3d 1029; People v Parilla, 109 AD3d 20, 23-29; see also People v Buss, 11 NY3d 553, 558).
In establishing an offender's risk level designation under SORA, the People have the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (see Correction Law § 168-n[3]; People v Pettigrew, 14 NY3d 406, 408; People v Lopez, 192 AD3d 1050). Contrary to the defendant's contention, he was properly assessed 20 points under risk factor 7, since the People demonstrated, by clear and convincing evidence, that the defendant "established a relationship with the victim for the purposes of victimizing her" (People v Hawkins, 201 AD3d 976, 977 [internal quotation marks omitted]).
In light of our determination, we need not address the defendant's contention that he was improperly assessed 20 points under risk factor 4, since, even without the assessment of those points, the defendant's point total would have been 75, and, thus, his presumptive risk level would have remained at two.
Accordingly, the defendant was properly adjudicated a level two sex offender.
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court