People v Torres (2023 NY Slip Op 03488)

People v Torres

2023 NY Slip Op 03488

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2022-02914

[*1]The People of the State of New York, respondent,
v
Raul A. Torres, appellant.

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Shiry Gaash and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated March 25, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a plea of guilty, of criminal sexual act in the first degree (Penal Law § 130.50[3]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 90 points on the risk assessment instrument and designated him a level two sex offender. On appeal, the defendant objects to the court's assessment of points under risk factors 4 and 14 of the risk assessment instrument.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence (see Correction Law § 168-n[3]; People v Lopez, 192 AD3d 1050, 1050; People v Crandall, 90 AD3d 628, 629). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d at 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]).
Contrary to the defendant's contention, he was properly assessed 20 points under risk factor 4 for continuous course of sexual misconduct. The People established, by clear and convincing evidence, that the defendant committed multiple sex acts that were separated in time from each other by at least 24 hours by submitting the victim's grand jury testimony and written statement to police, as well as the defendant's written statement to police and the probation presentence report (see People v Arrahman, 144 AD3d 1009, 1009-1010; People v Taylor, 48 AD3d 775, 776).
Contrary to the defendant's contention, he was properly assessed 15 points under risk [*2]factor 14 for release without supervision. The People established, by clear and convincing evidence, that the defendant would be released without supervision by submitting the case summary prepared by the Board, which indicated that a final deportation order, dated September 21, 2010, had been issued by a United States Immigration Court, as well as an email from an Immigration and Customs Enforcement Officer indicating that the defendant would be deported once released from custody (see People v Tzintzun-Frias, 210 AD3d 917, 918; People v Mendez, 207 AD3d 480, 482).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
DUFFY, J.P., IANNACCI, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court