People v Williams (2023 NY Slip Op 04327)

People v Williams

2023 NY Slip Op 04327

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-07155

[*1]The People of the State of New York, respondent,
v
Larry Williams, appellant.

Twyla Carter, New York, NY (Lorraine Maddalo of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julian Joiris of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated September 22, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted rape in the first degree. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 125 points, denied his request for a downward departure from the presumptive risk level, and designated him a level three sex offender. The defendant appeals.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Levy, 192 AD3d 928, 929, citing Correction Law § 168-n[3]; People v Guadeloupe, 173 AD3d 910, 911).
Contrary to the defendant's contention, the assessment of 20 points under risk factor 13 for unsatisfactory conduct while confined involving sexual misconduct was supported by clear and convincing evidence (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16-17 [2006] [hereinafter Guidelines]). "Although the defendant contends that he did not engage in sexual misconduct within the meaning of the Guidelines because his sexual activity with another inmate was consensual, it nevertheless violated prison disciplinary rules, and his inability to refrain from forbidden sexual conduct . . . was relevant to his potential for sexual [*2]recidivism" (People v Littles, 155 AD3d 979, 980 [internal quotation marks omitted]).
Similarly, the Supreme Court properly denied the defendant's request for a downward departure to a risk level two designation. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, "the court must exercise its discretion by weighing the . . . mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over . . . assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861; see People v Champagne, 140 AD3d 719, 720).
Here, the mitigating factors identified by the defendant were adequately taken into account by the Guidelines (see People v Barrott, 199 AD3d 1029, 1030; People v MacCoy, 155 AD3d 897, 898).
In light of our determination, we need not reach the defendant's remaining contention.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DILLON, J.P., DUFFY, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court