People v Ly (2024 NY Slip Op 06225)

People v Ly

2024 NY Slip Op 06225

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-02322

[*1]The People of the State of New York, respondent, 
v
Jimmy Ly, appellant. Patricia Pazner, New York, NY (Zachory Nowosadzki of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated March 8, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court designated the defendant a level two sex offender, after assessing him 80 points on the risk assessment instrument and denying his request for a downward departure from his presumptive risk level. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Alvarado, 173 AD3d 909, 910; see People v Gillotti, 23 NY3d at 861; People v Felton, 175 AD3d 734, 735; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, he was not entitled to a downward departure from his presumptive risk level. The Supreme Court properly determined that the imposition of points under risk factor 3 (number of victims) and risk factor 7 (relationship with victim) did not result in an overassessment of the defendant's risk to public safety (see People v Gillotti, 23 NY3d at 861; People v Glosque, 201 AD3d 823, 824; People v Sofo, 168 AD3d 891, 892; cf. People v Sestito, 195 AD3d 869, 870; People v Gonzalez, 189 AD3d 509, 511), and the defendant failed to otherwise demonstrate the existence of a mitigating factor not already taken into account by the Guidelines that would warrant a downward departure (see People v Pareja-Hidalgo, 222 AD3d 892, 893; People v Rucano, 213 AD3d 709, 711; People v Abdullah, 210 AD3d 704, 706; People v [*2]Taylor, 199 AD3d 845, 846).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
BRATHWAITE NELSON, J.P., GENOVESI, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court