People v Gavalo (2025 NY Slip Op 00889)

People v Gavalo

2025 NY Slip Op 00889

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2023-11641

[*1]The People of the State of New York, respondent,
v
Jose Gavalo, respondent. Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Pilar O'Rourke and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated November 16, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of, inter alia, criminal sexual act in the first degree and sexual abuse in the first degree. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant a total of 135 points on the risk assessment instrument, presumptively placing him within the range for a level three designation. The court denied the defendant's application for a downward departure from the presumptive risk level and designated him a level three sex offender. The defendant appeals, challenging the assessment of points under risk factors 4 (duration of offense conduct with victim), 8 (age at first sex crime), and 13 (conduct while confined/supervised), and the denial of his application for a downward departure.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Williams, 219 AD3d 763, 764 [internal quotation marks omitted]; see Correction Law § 168-n[3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Torres, 217 AD3d 976, 976 [internal quotation marks omitted]).
Here, based on, among other things, the defendant's own admissions, the County Court properly assessed 20 points under risk factor 4 for engaging in a continuous course of sexual misconduct (see id.; People v Arrahman, 144 AD3d 1009, 1009-1010; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006] [hereinafter Guidelines]).
The County Court also properly assessed 20 points under risk factor 13 for unsatisfactory conduct while confined involving sexual misconduct (see People v Williams, 219 [*2]AD3d at 764; see also Guidelines at 16-17). "Contrary to the defendant's contention, the Guidelines do not preclude the assessment of points [under risk factor 13] based on remoteness" (People v Kaff, 149 AD3d 783, 784).
Although the County Court erred in assessing 10 points under risk factor 8 (see People v Campbell, 98 AD3d 5, 12-13), the elimination of those points does not affect the defendant's presumptive risk level (see generally People v Sesay, 208 AD3d 1373, 1374; People v Arrahman, 144 AD3d at 1009).
Furthermore, the County Court properly denied the defendant's application for a downward departure from the presumptive risk level. "A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Williams, 219 AD3d at 764 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the . . . mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over . . . assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Williams, 219 AD3d at 764-765 [alterations and internal quotation marks omitted]).
Here, contrary to the defendant's contention, the alleged support provided by his family was adequately taken into account by the Guidelines' consideration of living arrangements (see People v Parisi, 212 AD3d 666, 668). Moreover, the defendant failed to establish by a preponderance of the evidence the existence of his family support network or that such network would result in a lower likelihood of reoffense or danger to the community (see People v Wanzer, 218 AD3d 805, 806).
Although a debilitating illness may constitute grounds for a downward departure, here, the defendant failed to prove that his health at the time of the SORA hearing constituted an appropriate mitigating factor that lowered his likelihood of reoffense or danger to the community (see People v Gunter, 217 AD3d 788, 790-791; People v Parisi, 212 AD3d at 668).
Accordingly, the County Court properly designated the defendant a level three sex offender.
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court