People v Wallace (2025 NY Slip Op 02093)

People v Wallace

2025 NY Slip Op 02093

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2022-05463

[*1]The People of the State of New York, respondent, 
v
Russell Wallace, appellant.

Stacy E. Albin-Leone, Long Beach, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Michelle Kaszuba and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated April 27, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was designated a level three sex offender following his convictions, under Connecticut law, of sexual assault in the first degree (Conn Gen Stat § 53a-70[a][2]), risk of injury to a minor (id. § 53-21[a][1]), and illegal sexual contact with a victim younger than age 16 (id. § 53-21[a][2]), and his relocation to New York. On appeal, the defendant contends that the County Court erred in assessing him points under risk factor 3 (number of victims) and risk factor 4 (duration of offense conduct with victim), as well as in denying his application for a downward departure from his presumptive risk level.
Contrary to the defendant's contention, the County Court properly assessed the defendant 30 points under risk factor 3 and 20 points under risk factor 4. As to risk factor 3, the People established, by clear and convincing evidence, that the defendant victimized more than three children in the underlying cases that resulted in his conviction in Connecticut of sexual assault in the first degree (see Sex Offender Registration Act: Risk Assesment Guidelines and Commentary at 10 [2006] [hereinafter Guidelines]; People v Sherlock, 224 AD3d 709, 710, lv granted 41 NY3d 1012; People v Morrison, 156 AD3d 831, 832). Likewise, with respect to risk factor 4, the People established, by clear and convincing evidence, that the defendant committed multiple, separate acts of sexual misconduct over a span of months (see People v Gavalo, _____ AD3d _____, _____, 2025 NY Slip Op 00889, *1; People v Torres, 217 AD3d 976, 976-977).
The defendant also failed to establish the existence of a mitigating factor not adequately taken into account by the Guidelines (see id. at 4; People v Gillotti, 23 NY3d 841, 861). The defendant failed to submit any evidence showing that his age and health condition rendered him less likely to commit sex crimes in the future (see People v Adams, 220 AD3d 953, 954; People v Parisi, 212 AD3d 666, 668).
DUFFY, J.P., MILLER, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court