People v Saraviahernandez (2025 NY Slip Op 05979)

People v Saraviahernandez

2025 NY Slip Op 05979

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2024-00160

[*1]The People of the State of New York, respondent,
v
Yefersonjose Saraviahernandez, appellant. 

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Jamie H. Greenwood and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated December 13, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree. In this proceeding pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court, after a hearing, assessed the defendant 75 points and designated him a level two sex offender. The defendant appeals.
"'In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence'" (People v Gavalo, 235 AD3d 785, 785, quoting People v Williams, 219 AD3d 763, 764; see Correction Law § 168-n[3]). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Gavalo, 235 AD3d at 785, quoting People v Torres, 217 AD3d 976, 976).
Contrary to the defendant's contention, the County Court properly assessed 20 points under risk factor 4 for engaging in a continuing course of sexual misconduct, as the People established, by clear and convincing evidence, that the defendant engaged in three or more acts of sexual contact over a period of at least two weeks (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; People v Ase, 222 AD3d 789, 790; People v Rodriguez, 211 AD3d 1058, 1059).
Further, the County Court properly assessed 30 points under risk factor 5 based on the age of the victim being 10 years or younger, as the People established, by clear and convincing evidence, that the victim was 8 years old when the sexual misconduct by the defendant against her began (see People v Hernandez, 163 AD3d 1010, 1011-1012; People v Sharrock, 161 AD3d 1112, 1113).
The County Court also properly assessed the defendant 15 points under risk factor 11 for a history of alcohol and drug abuse in light of the defendant's admissions and his referral to an alcohol and substance abuse treatment program (see People v Oliver, 215 AD3d 772, 773; People v Aldarondo, 136 AD3d 770, 770-771).
Accordingly, the County Court properly designated the defendant a level two sex offender.
BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court