People v Catalano (2025 NY Slip Op 07419)

People v Catalano

2025 NY Slip Op 07419

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2020-07444

[*1]The People of the State of New York, respondent, 
vRobert Catalano, appellant. Salvatore C. Adamo, New York, NY, for appellant.

Raymond A. Tierney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated June 30, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted of certain sex offenses in Connecticut. After the defendant relocated to New York, a hearing was held to determine the defendant's risk level pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C). By order dated June 30, 2020, the Supreme Court designated the defendant a level three sex offender. The defendant appeals, arguing that the court erred in its assessment of points and that he was deprived of the effective assistance of counsel.
As the People correctly contend, the defendant's arguments regarding the assessment of points under risk factor 5 (age of victim) and risk factor 7 (relationship with victim) are unpreserved for appellate review since the defendant did not specifically challenge the assessment of points under those factors at the SORA hearing (see CPL 470.05[2]; People v Desir, 224 AD3d 707; People v Jones, 197 AD3d 1348, 1349). In any event, the Supreme Court's points assessment was proper. The People's proof established by clear and convincing evidence that the defendant reached under the clothing of a victim and touched an intimate area of the body (see People v Ase, 222 AD3d 789, 790), victimized three or more children (see People v Morrison, 156 AD3d 831, 832), committed multiple sexual acts that were separated in time from each other by at least 24 hours (see People v Torres, 217 AD3d 976, 976-977), committed sexual abuse against a victim who was 10 years old or younger (see People v Brown, 194 AD3d 861, 862), and abused his professional relationship as the victims' piano teacher (see People v Moore-Johnson, 178 AD3d 1102, 1103; see also People v Farrell, 78 AD3d 1454, 1455).
The defendant was not deprived of the effective assistance of counsel. The record demonstrates that a request for a downward departure from the defendant's presumptive risk level would have had little or no chance of success, and there is no reasonable probability that, had defense counsel requested a downward departure, the result of the proceeding would have been different (see People v Robinson, 231 AD3d 754, 756).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DILLON, J.P., IANNACCI, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court